UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BRIANA ROSALES and LUIS ROSALES,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:25-cv-00399-AKB

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

## I. INTRODUCTION

Pending before the Court are pro se Plaintiffs' Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, the Court reviews Plaintiffs' request to determine whether they are entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or

give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

The Court has reviewed Plaintiffs' application. Briana Rosales reports that she and her spouse receive average monthly employment income of $4,500 and $4,050, respectively, for a combined $8,550 (Dkt. 1 at 2). She identifies approximately $3,766 in a joint bank account and lists monthly household expenses totaling $5,218.29 (*id.* at 3–4). Plaintiffs support three minor children (*id.* at 5).

Plaintiffs explain that they have been paying down debt and that little money remains at the end of each month (*id.*). Although their reported income is gross income, the income, expenses, and available funds disclosed in the application do not establish that paying the filing fee would deprive Plaintiffs or their dependents of the necessities of life. The Court therefore denies their application.

## III. THE SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs, whether pro se or not, have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiffs allege that they timely filed a federal income-tax return for 2021 on or about April 15, 2022, requesting a refund (Dkt. 2 at 4). Following an audit, the Internal Revenue Service (IRS) adjusted their return, resulting in a smaller anticipated refund. Plaintiffs allege that the IRS did not issue even that reduced amount and erroneously denied their refund claim in July 2023 (*id.*). They seek the unpaid refund and accrued interest (*id.*).

Under 28 U.S.C. § 1346(a)(1), district courts have jurisdiction over qualifying actions against the United States to recover federal taxes allegedly erroneously or illegally collected. A taxpayer generally must first file a duly presented administrative refund claim. 26 U.S.C. § 7422(a). That claim also must comply with the time limits of 26 U.S.C. § 6511. A return requesting a refund may itself constitute a formal refund claim. *See Libitzky v. United States*, 110 F.4th 1166, 1173 (9th Cir. 2024). Liberally construed, Plaintiffs' allegations identify a potentially cognizable claim to recover an unpaid income-tax refund.

The complaint nevertheless leaves several matters unclear. It does not identify the amount of the requested refund, the amount of the IRS's adjustment, or the basis for Plaintiffs' entitlement to the unpaid amount. Nor does it identify the precise date or nature of the IRS's July 2023 denial. Those details may matter because 26 U.S.C. § 6532(a)(1) generally requires a refund action to be filed within two years after the IRS mails a qualifying notice of disallowance by certified or

registered mail. Plaintiffs filed this action on July 21, 2025, but the complaint does not establish when, or whether, the IRS mailed such a notice (Dkt. 2 at 1, 4).[1]

At this preliminary stage, these concerns do not warrant dismissal under § 1915(e)(2)(B). The complaint survives initial screening. This determination does not resolve whether Plaintiffs can ultimately establish jurisdiction, compliance with the statutory refund requirements, or an entitlement to relief. Those issues may be addressed as the case proceeds, assuming Plaintiffs pay their filing fee.

## IV. CONCLUSION

Plaintiffs have not established that they cannot pay the filing fee. The Court therefore denies their application to proceed in forma pauperis. Their complaint, however, identifies a potentially cognizable federal tax-refund claim and survives initial screening. The action may proceed if Plaintiffs pay the filing fee and comply with the applicable service requirements.

## V. ORDER

IT IS ORDERED that:

1. Plaintiffs' Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED WITHOUT PREJUDICE**.

2. Within **thirty (30) days** after entry of this Order, Plaintiffs must pay the $405 filing fee. Alternatively, if their financial circumstances have materially changed, each Plaintiff may submit a renewed application supported by updated sworn financial information within the same period.

3. Plaintiffs' Complaint (Dkt. 2) survives initial review under 28 U.S.C. § 1915(e)(2)(B). If Plaintiffs timely pay the filing fee, the Clerk is directed to issue summons. Plaintiffs remain

---

[1] Additionally, although the caption names the United States of America as Defendant, the form's defendant-information section identifies the "US Attorney office of Idaho" (*id.* at 1–2). A federal tax-refund action may be maintained only against the United States. 26 U.S.C. § 7422(f)(1). Because the caption properly names the United States, the Court construes the complaint as asserting its refund claim against the United States.

responsible for serving the United States in accordance with the Federal Rules of Civil Procedure. The time for service under Rule 4(m) is extended to **ninety (90) days** after issuance of the summons.

4. Failure to pay the filing fee or timely submit renewed applications as provided above may result in dismissal of this action without prejudice and without further notice.

5. This case is returned to the Clerk of the Court for random civil case assignment under General Order No. 457.

DATED: November 17, 2026

Amanda K. Brailsford
U.S. District Court Judge